B9I (Official Form 9I) (Chapter 13 Case) (12/12)     Case Number **1:13−bk−16446**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 12/31/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors −− Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Elaine Sears Mcconnell
114 Chisholm Trail NW
Dalton, GA 30721

| Case Number:<br>1:13−bk−16446 | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx−xx−4283 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>W. Thomas Bible Jr.<br>6918 Shallowford Road, Suite 100<br>Chattanooga, TN 37421<br>Telephone number: (423) 424−3116 | Bankruptcy Trustee (name and address):<br>C. Kenneth Still<br>Chapter 13 Trustee<br>P. O. Box 511<br>Chattanooga, TN 37401<br>Telephone number: (423) 265−2261 |

## Meeting of Creditors

Date: **January 29, 2014**      Time: **09:00 AM**
Location: **100 West Martin Luther King Blvd., Plaza Level (Basement), Chattanooga, TN 37402**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:

For all creditors (except a governmental unit): **4/29/14**      For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **6/30/14**

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 3/31/14**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors or within 30 days after any amendment to the list of exemptions is filed, except as otherwise provided under Federal Rule of Bankruptcy Procedure 1019(2)(B) for converted cases.

A copy of the debtor's plan is attached or will be sent separately to you by the debtor. Among other things, the plan may set forth a proposed valuation of collateral securing a secured creditor's claim. **Unless a timely objection to confirmation is filed, the value in the plan will become the allowed secured portion of a creditor's claim, and the difference between the creditor's total claim and its allowed secured claim will be paid as an unsecured claim.**

**All objections to the plan must be in writing. In order to be timely, an objection must be either filed with the bankruptcy clerk before the date and time scheduled above for the meeting of creditors or lodged with the Chapter 13 Trustee at the meeting.** If no objection to the plan is filed, no confirmation hearing will be held and the court may confirm the plan without a hearing. If an objection is filed, a confirmation hearing will be held 2/6/14 at 01:30 PM at Courtroom A, Third Floor, U. S. Bankruptcy Court, 31 East 11th Street, Chattanooga, TN 37402, unless continued at the meeting of creditors. See Local Bankruptcy Rule 3015−3.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

**Prior to the meeting of creditors scheduled above, all creditors asserting a security interest in property of the debtor or of the estate must provide proof to the bankruptcy trustee that the interest has been perfected. See Local Bankruptcy Rule 3001−1(b).**

| **Address of the Bankruptcy Clerk's Office:**<br>United States Bankruptcy Court<br>31 East 11th Street<br>Chattanooga, TN 37402<br>Telephone number: (423) 752−5163<br>Hours Open: Monday − Friday 8:00 AM − 4:30 PM | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Danny W. Armstrong<br><br><br><br>Date: 1/2/14 |

# EXPLANATIONS

B9I (Official Form 9I) (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a statement filed with the court. Those not attending the meeting or not registered to receive electronic notices must check the PACER docket sheet to see if the meeting was adjourned to another date. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Filing Proof of Claim | There are three ways to file a proof of claim in a bankruptcy case: (1) electronically; (2) using the CM/ECF system; or (3) by mail or in person. To file a proof of claim electronically, you should use the electronic proof of claim application located on the court's website at www.tneb.uscourts.gov under the Claims button. To file a claim using the CM/ECF system, by mail or in person, you should complete a proof of claim form under the Forms tab of the court's website. The proof of claim may then be filed using the CM/ECF system, or filed in person at, or mailed to, the clerk's office at the address shown on page 1 of this Notice. If you wish to receive proof of its receipt by the Bankruptcy Court, please enclose a copy of the proof of claim together with a stamped, self–addressed envelope. *Do not include this Notice with any filing you make with the Court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditors with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

## Refer to Other Side for Important Deadlines and Notices